Daniels, J.
—The plaintiff was in the employment of the defendant, and in the course of the performance of his services while there he made inventions which were transferred to, and for which patents were issued to the defendant. There were seven of these inventions for which patents were issued to the defendant. They paid him a royalty on the inventions, as they were used in their business until February, 1884. A letter was then written to the plaintiff by the president of the iron works, proposing a different basis for his future compensation, both for his own labor and his inventions. By this letter it was stated to him by the president that it will be more business like and give rise to fewer misunderstandings, and altogether be more satisfactory to pay you a salary instead of part salary and part commission on certain goods, the patents which were taken out in your name, but belonging to the above company. Said salary to be $5,000 for the ensuing year, and which, for certain reasons, we would prefer to pay you in the following manner—that is, a weekly salary at the rate of $3,500 peryear, and a check for $1,500 at the end of the year, or should you leave before the expiration of that time a proportionate amount of said $1,500 to be paid to you. Of course you understand that we make no engagements, employees being at liberty to leave at any time, we reserving the same right to discharge at any time. The above salary we look upon as a large one, but we have conceded to your views in this respect to show you that we appreciate your servir es and desire to retain them. Still we want it distinctly understood that it is not our desire that you remain with us unless you are perfectly satisfied and content. To save any further conversation it may be as well to say that I have considered the matter thoroughly, and I *1005 think it a very liberal spirit, and the conclusion arrived at will be understood as final. I trust you will see it to your interest to accept our proposition; if so, you will please acknowledge its acceptance in writing.
Yours truly,
J. L. MOTT, President.
And on the 29th of the same month the plaintiff, in writing, accepted this offer, and the agreement so made was performed by the defendant during the year mentioned in it. After, or about the time when the year expired, the plaintiff further replied by letter, stating that he in future expected a larger salary, and to that he received an answer from the president of the company declining to advance the salary. The plaintiff thereupon replied in writing that he preferred severing his connection with the iron works, and on the 9th of May, 1885, he voluntarily left the employment.
This action to recover royalties or commissions on the sales of the articles manufactured under the patents has been brought upon the theory that when the plaintiff left the employment of the defendant in this manner, it revived his right to claim and recover royalties the same as though no change had been made in that respect during the time he was in the defendant’s employment. But by the letter of the 25th of February, 1884, the right to each party was reserved to terminate the employment of the plaintiff at any time. And no right was reserved to the plaintiff in case his employment should be terminated by him to_ exact from the defendant any further compensation for the use of the inventions. Mo agreement was at any time made by which they undertook to pay him after that event any sum of money whatever on account of his inventions. And it was denied, and no direct proof was given to the contrary that any obligation other than was performed by the defendant was at any time entered into to make such payment to him. And upon this denial a question of fact was alone presented as to whether such an agreement should be Inferred from the facts to have been made or not. The action was not for the value of the inventions as so much property sold and delivered to the defendant, but it was for the payment of royalties which the plaintiff asserted the defendant was bound to pay, but which he failed to establish to the satisfaction of the court by the evidence given upon the trial. The case depended wholly upon a disputed matter of fact, the proof concerning which the court ■concluded was insufficient to maintain the action. And as that was all there was of the litigation, and the company bound itself by the correspondence to make the payments agreed upon no longer than while the plaintiff remained in its employment, the action was not sustained and the judgment should be affirmed.
Van Bbunt, P. J., and Bbady, J., concur.